IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2015 FEB -5 P 3:33
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN RE: ZIMMER NEXGEN KNEE          )
IMPLANT PRODUCTS LIABILITY          )  MDL No. 2272
LITIGATION                                      )
                                                       )
                                                       )    3:15-cv-100
                                                       )
                                                       )   SHORT FORM COMPLAINT
                                                       )

This applies to:                                 JURY TRIAL DEMAND

RONALD RAMSEY,

            Plaintiff,

      vs.

ZIMMER, INC., ZIMMER HOLDINGS,
INC., AND ZIMMER ORTHOPAEDIC
SURGICAL PRODUCTS, INC.;

            Defendants.

## APPROVED SHORT FORM COMPLAINT FOR

## ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION

      Plaintiff(s) incorporate(s) by reference Plaintiffs' Master Long Form Complaint in In Re:

Zimmer NexGen Knee Implant Products Liability Litigation, MDL 2272, filed as of January 12,

2012, as Document Number 211. Pursuant to a Stipulated Order of the PSC in MDL 2272 and

Counsel for Defendants, the following Short Form Complaint is approved for use in this action.

Where Plaintiff's Complaint was previously transferred into MDL 2272, this Short Form

Complaint and the incorporated Master Long Form Complaint shall serve as an amended Complaint.

Plaintiff selects and indicates by checking off the appropriate spaces, those products and claims that are specific to his. Where certain claims require specific pleadings or case specific facts and individual information, plaintiff shall add and include them herein.

1.      Plaintiff, RONALD RAMSEY, states and brings this civil action before the Court for the United States District Court for the Middle District of Alabama as a related action in the matter entitled IN RE: ZIMMER NEXGEN KNEE IMPLANT PRODUCTS LIABILITY LITIGATION, MDL No. 2272. Plaintiff is filing this short form complaint as permitted and approved by Order of the MDL 2272 Court, and adopts and incorporates by reference those allegations in the Plaintiffs' Master Long Form Complaint and any and all amendments thereto.

2.      This action is brought pursuant to 28 U.S.C. §1332, as diversity of citizenship exists among and between the parties.

3.      Venue is proper under 28 U.S.C. §1391 as defendants named herein do business within this district.

4.      Plaintiff RONALD RAMSEY is a resident and citizen of Alabama and claims damages as set forth below.

5.      Plaintiff was born on ▮▮▮▮▮▮▮ 1949.

## ALLEGATIONS AS TO DEVICE(S) AND INJURIES

6.      Plaintiff was implanted with a Zimmer NexGen® Knee device(s) in his left knee on or about May 17, 2011 at East Alabama Medical Center, by Dr. Robert McAlindon.

7.      On or about February 13, 2013, Plaintiff suffered personal and economic injuries as a result of the implantation of the following Zimmer NexGen® Knee device(s):

-2-

\_\_\_\_\_   Zimmer NexGen LPS-Flex

X\_\_\_\_   Zimmer NexGen CR-Flex

\_\_\_\_\_   Zimmer NexGen GSF LPS-Flex

\_\_\_\_\_   Zimmer NexGen GSF CR-Flex

\_\_\_\_\_   Zimmer NexGen MIS Tibia

8.      Plaintiff underwent revision surgery with respect to the defective Zimmer NexGen® Knee device(s) on February 13, 2013, at East Alabama Medical Center, by Dr. Todd Sheils.

9.      Plaintiff has suffered injuries as a result of implantation and revision/explantation of the Zimmer NexGen® Knee device(s) manufactured by defendants as described in the forthcoming Plaintiff's Fact Sheet and other responsive documents in discovery provided to the defendants and/or obtained by the defendants through Plaintiff's authorization and are incorporated by reference herein.

10.     At the time of implantation with the Zimmer NexGen® Knee device(s), the plaintiff resided at                     , Notasulga, AL 36866.

11.     The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

12.     Plaintiff claims damages as a result of:

X\_\_\_   injury to herself/himself

\_\_\_   injury to the person represented

\_\_\_   wrongful death

\_\_\_   survivorship action

X\_\_\_   economic loss

_____    loss of services

_____    loss of consortium

13.    Neither Plaintiff nor his physicians, through the exercise of reasonable diligence, could have detected the defective nature of the Zimmer NexGen® Knee device any earlier than the evidence of loosening and/or other indication for planned revision of the defective device(s), or as the facts dictate and produced in discovery.

14.    As a result of the injuries Plaintiff sustained, he is entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

15. Plaintiff's Zimmer NexGen® Flex Knee device bears catalog number 5956-15-01 and lot number 61650595.

## ALLEGATIONS AS TO DEFENDANTS

## SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

16.    The following claims and allegation are asserted by Plaintiff and are herein adopted by reference:

**COUNT I – STRICT LIABILITY DESIGN DEFECT**

_____    COUNT I (a) ZIMMER LPS-FLEX;

X _____    COUNT I (b) ZIMMER CR-FLEX;

_____    COUNT I (c) ZIMMER GSF LPS-FLEX;

_____    COUNT I (d) ZIMMER GSF CR-FLEX;

_____    COUNT I (e) ZIMMER MIS TIBIAL COMPONENTS;

**COUNT II – STRICT LIABILITY FAILURE TO WARN**

_____        COUNT II (a) ZIMMER LPS-FLEX ;

X _____        COUNT II (b) ZIMMER CR-FLEX;

_____        COUNT II (c) ZIMMER GSF LPS-FLEX;

_____        COUNT II (d) ZIMMER GSF CR-FLEX;

_____        COUNT II (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT III – STRICT LIABILITY MANUFACTURING DEFECT**

_____        COUNT III (a) ZIMMER LPS-FLEX;

X _____        COUNT III (b) ZIMMER CR-FLEX;

_____        COUNT III (c) ZIMMER GSF LPS-FLEX;

_____        COUNT III (d) ZIMMER GSF CR-FLEX;

_____        COUNT III (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT IV -NEGLIGENCE**

_____        COUNT IV (a) ZIMMER LPS-FLEX;

X _____        COUNT IV (b) ZIMMER CR-FLEX;

_____        COUNT IV (c) ZIMMER GSF LPS-FLEX;

_____        COUNT IV (d) ZIMMER GSF CR-FLEX;

_____        COUNT IV (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT V – NEGLIGENT MISREPRESENTATION**

_____        COUNT V (a) ZIMMER LPS-FLEX;

X_____          COUNT V (b) ZIMMER CR-FLEX;

_____          COUNT V (c) ZIMMER GSF LPS-FLEX;

_____          COUNT V (d) ZIMMER GSF CR-FLEX;

_____          COUNT V (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – EXPRESS WARRANTY**

_____          COUNT VI (a) ZIMMER LPS-FLEX;

X_____          COUNT VI (b) ZIMMER CR-FLEX;

_____          COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____          COUNT VI (d) ZIMMER GSF CR-FLEX;

_____          COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VI – BREACH OF EXPRESS WARRANTY**

_____          COUNT VI (a) ZIMMER LPS-FLEX;

X_____          COUNT VI (b) ZIMMER CR-FLEX;

_____          COUNT VI (c) ZIMMER GSF LPS-FLEX;

_____          COUNT VI (d) ZIMMER GSF CR-FLEX;

_____          COUNT VI (e) ZIMMER MIS TIBIAL COMPONENTS;


**COUNT VII – BREACH OF IMPLIED WARRANTY**

_____          COUNT VII (a) ZIMMER LPS-FLEX;

X_____          COUNT VII (b) ZIMMER CR-FLEX;

_____          COUNT VII (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VII (d) ZIMMER GSF CR-FLEX;

_____   COUNT VII (e) ZIMMER MIS TIBIAL COMPONENTS;

## COUNT VIII – REDHIBITION

_____   COUNT VIII (a) ZIMMER LPS-FLEX;

X_____   COUNT VIII (b) ZIMMER CR-FLEX;

_____   COUNT VIII (c) ZIMMER GSF LPS-FLEX;

_____   COUNT VIII (d) ZIMMER GSF CR-FLEX;

_____   COUNT VIII (e) ZIMMER MIS TIBIAL COMPONENTS;

_____   COUNT IX – LOSS OF CONSORTIUM

_____   COUNT X – WRONGFUL DEATH

_____   COUNT XI - SURVIVAL ACTION

X_____   COUNT XII – VIOLATION OF CONSUMER PROTECTION

STATUTES:

Alabama and applicable statute: Ala. Code §§ 8-19-5 *et seq.*

X_____   COUNT XIII – UNJUST ENRICHMENT

X_____   COUNT XIV – PUNITIVE DAMAGES

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For compensatory damages requested and according to proof;

2.      For punitive or exemplary damages against Defendants;

3.     For all applicable statutory damages of the state whose laws will govern this action;

4.     For an award of attorney's fees and costs;

5.     For prejudgment interest and the costs of suit; and

6.     For such other and further relief as this Court may deem just and proper;

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Respectfully submitted,

Dated: 2|5|15

*Melissa A. Prickett*

NAVAN WARD, JR.
MELISSA A. PRICKETT
Email: navan.ward@beasleyallen.com
       melissa.prickett@beasleyallen.com
Beasley, Allen, Crow, Methvin,
   Portis & Miles, P.C.
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama 36103
Telephone (334) 269-2343
Fax (334) 954-7555

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I certify that on February 5 , 2015, a copy of the foregoing *Plaintiffs' Short Form*

*Complaint For Zimmer Nexgen Knee Implant Products Liability Litigation* was served, pursuant

to waiver of service of summons process, F.R.C.P. 4(d) upon:

Nicole Brett
BAKER & DANIELS LLP
Suite 800
111 E. Wayne Street
Fort Wayne, IN 46802

Dated: 2\5\15

*Melissa A. Prickett*

NAVAN WARD, JR.
MELISSA A. PRICKETT
Email: navan.ward@beasleyallen.com
melissa.prickett@beasleyallen.com
Beasley, Allen, Crow, Methvin,
Portis & Miles, P.C.
Post Office Box 4160
218 Commerce Street
Montgomery, Alabama 36103
Telephone (334) 269-2343
Fax (334) 954-7555

**Attorneys for Plaintiff**